989 F.2d 506
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Bethel VAN KLOOTWYK; Joan Van Klootwyk, Plaintiffs Appellants,
v.
SCHERING-PLOUGH CORPORATION, also known as Schering Animal
Health, also known as Schering Veterinary, also
known as Schering ASL; Schering
Corporation, Defendants Appellees.
 No. 92-2634.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 12, 1993.
Filed: February 26, 1993.
 
 Before LOKEN, HANSEN, Circuit Judges, and MURPHY,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Bethel and Joan Van Klootwyk commenced this product liability diversity action to recover damages for the death of 1035 feeder pigs a few days after their vaccination with Schering Corporation's "Country Balancer RPE" vaccine. Following a jury verdict for defendants, plaintiffs appeal the district court's[1] denial of their post-trial motions. Plaintiffs contend that the district court erred in instructing the jury on an unpleaded state-of-the-art defense, and in granting a directed verdict against plaintiffs on their claim that defendants breached an implied warranty of merchantability. We affirm.
 
 
 2
 Bethel Van Klootwyk and his son vaccinated the pigs at their farm on November 23 and 24, 1987. Van Klootwyk called his veterinarian upon discovering the pigs were sick, and both the pigs and the vaccine were extensively tested at the Veterinary Diagnostic Laboratory at Iowa State University, and at M.V.P. Laboratories in Omaha, Nebraska. The pigs were found to be infected with Clostridium novyii, a soil-borne anaerobic toxin present on most farms; the testing veterinarians later opined that the pigs became infected when Van Klootwyk vaccinated them with a sixteen-gauge needle through their dirty hides.
 
 
 3
 The remaining Country Balancer vaccine was also tested. When cultured it produced no bacterial growth. Disease-free laboratory pigs and mice and additional pigs from the Van Klootwyk farm were vaccinated with no adverse reaction. In addition, defendants introduced evidence that over 280,000 doses of this batch of Country Balancer had been sold; only the Van Klootwyks complained of an adverse reaction.
 
 
 4
 At trial, plaintiffs' principal witness was Dr. L. N. Brown, a veterinarian from Washington state who had never tested the Van Klootwyks' pigs or defendants' vaccine, nor consulted with any of the veterinarians who had performed such tests. On direct examination, Dr. Brown testified that in 1987 defendants were not "state of the art" in their "design, development, manufacture, testing, inspection and marketing of Country Balancer-RPE." At the close of plaintiffs' evidence, in opposing defendants' motion for a directed verdict, counsel for plaintiffs relied upon Dr. Brown's testimony "that the product was not in compliance with the state of the art." During their case in chief, defendants then introduced substantial evidence that the Country Balancer manufacturing processes and quality control met all USDA and industry standards for vaccines of this type, and that the product had met the tests for safety, sterility, and potency then available to the industry.
 
 
 5
 At the jury instruction conference, defendants objected to the proposed negligence instruction on the ground that plaintiffs had failed to prove any standard of reasonable care other than standards met by defendants-in effect, a renewal of defendants' motion for directed verdict. The court overruled that objection but stated that it would instruct the jury on the state-of-the-art defense provided in Iowa Code § 668.12. When plaintiffs objected that this affirmative defense had not been pleaded, the court granted defendants' motion to amend their answer to conform to the proof at trial, and the instruction was given. In addition, at the instructions conference the court granted defendants' motion for directed verdict on plaintiffs' implied warranty of merchantability claim, commenting that this claim did not "fit with these facts or the strict liability claim." Plaintiffs properly preserved their objections to these rulings.
 
 
 6
 Plaintiffs' strict liability, negligence, and express warranty claims were then submitted to the jury, which returned a verdict for defendants on each claim. Plaintiffs moved for JNOV or a new trial on numerous grounds, including the state-of-the-art defense instruction and the grant of a directed verdict on their implied warranty of merchantability claim.
 
 
 7
 The district court denied these motions. In a lengthy memorandum order, the court ruled that the state-of-the-art defense had been tried by consent because it was initially raised in plaintiffs' case-in-chief and thereafter "[a]t least three days of the five day trial were dedicated to issues of product labeling and warnings, and industry standards." The court further held that plaintiffs had failed to show that they were prejudiced by this ruling because they had a fair opportunity to contest this defense at trial and had failed in their post-trial motions to offer any additional evidence on this issue. Finally, the court held that the partial directed verdict was proper-given the uncontroverted evidence that most of this batch of Country Balancer RPE had proved fit for its ordinary purpose, plaintiffs had failed to present a submissible case that the product was not merchantable at the time of sale. Plaintiffs appeal each of these rulings.
 
 
 8
 We have carefully considered the trial record, and we have considered issues of state law de novo. See Salve Regina College v. Russell, 111 S. Ct. 1217 (1991). We conclude that the district court correctly applied relevant Iowa law to the facts of this case. Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 
 *
 The HONORABLE DIANA E. MURPHY, Chief Judge of the United States District Court for the District of Minnesota, sitting by designation
 
 
 [1]
 The HONORABLE CELESTE F. BREMER, United States Magistrate Judge for the Southern District of Iowa, who tried the case by consent of the parties pursuant to 28 U.S.C. § 636(c)